UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Latasha T., | Case No. 23-cv-2441 (ECW) |
| Plaintiff, | |
| v. | ORDER |
| Martin O'Malley, *Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Petition for Attorney's Fees Under 28 U.S.C. § 2412(D) (EAJA) ("Petition"), filed on February 5, 2024. (Dkt. 17.) Plaintiff Latasha T. seeks attorney fees in the amount of $1,247.62. (*Id.* at 2.)[1] The Commissioner of Social Security ("the Commissioner" or "the Government") did not file objections to the amount of fees requested by Plaintiff within the 14-day response period. *See* D. Minn. LR 54.3(b) advisory committee's note to 2021 amendment (applying 14-day response period to motions under the EAJA). For the reasons discussed below, the Court grants Plaintiff's Petition.

## BACKGROUND

On August 10, 2023, Plaintiff filed this case seeking judicial review of a final decision by the Commissioner denying her application for disability benefits. (Dkt. 1.) On November 6, 2023, the parties filed a Joint Stipulation for Remand. (Dkt. 11.) As such, on November 8, 2023, the Court remanded this case back to the Commissioner

---

[1] Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

pursuant to sentence 4 of 42 U.S.C. § 405(g) for supplemental hearing and further administrative action.  (Dkt. 13.)  On February 5, 2024, Plaintiff filed the present Petition, along with supporting exhibits.  (Dkts. 17-18.)

## ANALYSIS

A.   **Legal Standard**

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted).  Congress has provided for limited exceptions to the general rule.  *Id*.  The Equal Access to Justice Act ("EAJA") is one of those exceptions.  The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency

upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  Any attorney's fees awarded under the EAJA must be reasonable.  28 U.S.C. § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case.  *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted).  However, Plaintiff is entitled to fees unless the Government's position was substantially justified.  *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  The Government bears the burden of proving substantial justification for its position in the litigation.  *Id.*  Here, the Government did not file a response claiming that its position was substantially justified or objecting to the award of Plaintiff's requested fees.

**B.     Reasonableness of Fees and Costs**

    **1.     Appropriate Hourly Rate**

Plaintiff, through her attorneys' Petition and Exhibits, requests attorney fees in the amount of $1,247.62.  (Dkts. 17-18.)  Plaintiff requests fees for 5.1 hours of work performed by attorneys in 2023-24 at the rate of $244.63 per hour, totaling $1,247.62.  (Dkt. 18-2 at 1.)  Plaintiff's attorneys assert that the billing rate of $244.63 per hour is consistent with the Consumer Price Index ("CPI") for the periods the work was performed.  (Dkt. 18-1 ¶¶ 4-7.)

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor

3

. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)).  The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id.* (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).

The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place.  *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004).  As stated previously, the Government does not dispute the hourly rates sought by Plaintiff's attorneys, and the Court finds the rate of $244.63 per hour for work performed by attorneys in 2023 and 2024 in this case to be reasonable rates based on the cost of living adjustment for the periods of time the work was performed.  *See Consumer Price Index Historical Tables for U.S. City Average*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm (last visited April 4, 2024).

2. **Reasonableness of Time Expended by Plaintiff's Attorneys**

Plaintiff seeks fees for 5.1 hours of work performed by her attorneys.  (*See* Dkt. 18-2 at 1.)  The Government does not object to the fees sought.  Having reviewed all

itemized time records for work performed in this case (Dkt. 18-2 at 1), the Court finds that the fees sought by Plaintiff are reasonable and compensable, and notes that Courts routinely grant motions requesting reimbursement for an even greater number of hours. *See*, *e.g.*, *Jeffrey D.B. v. Kijakazi*, Case No. 20-cv-761 (ECW), 2022 WL 445820, at *3-4 (D. Minn. Feb. 14, 2022) (awarding 8.8 hours); *Dianna L. B. v. Saul*, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases) ("Awards just outside of [20 to 40 hours] are also not uncommon."); *Rodgers v. Astrue*, No. 09-1214 (DWF/SER), 2011 WL 721528, at *4 (D. Minn. Feb. 3, 2011), *R.&R. adopted*, No. CIV. 09-1214 (DWF/SER), 2011 WL 721245 (D. Minn. Feb. 22, 2011) (awarding 21 hours).

### C. Conclusion

Based on the above, the Court will award $1,247.62 in attorney fees to the Plaintiff, accounting for 5.1 hours of work performed by attorneys in this case. The Court finds this fee amount to be reasonable.

### ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Petition for Attorney's Fees Under 28 U.S.C. § 2412(D) (EAJA) (Dkt. 17) is **GRANTED**.

2. Plaintiff is **AWARDED** $1,247.62 for reasonable attorney's fees under the EAJA.

3.   In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

DATED: April 4, 2024                                          *s/ Elizabeth Cowan Wright*
                                                              ELIZABETH COWAN WRIGHT
                                                              United States Magistrate Judge